IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES AUSTIN PARKS,

    Petitioner,   No. 2: 09-cv-1571 LKK KJN P

  vs.

JAMES WALKER,

    Respondent.   ORDER

_____/

Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision to extend his term in the security housing unit ("SHU") based on two rules violation convictions. (Dkt. 1, at 26.) Petitioner also alleges that he was denied due process because one of the persons reviewing his second level administrative appeal regarding this matter participated in the decision to extend his SHU term. (Id., at 27.)

For the following reasons, the parties are ordered to file further briefing.

Petitioner's claims are addressed in pleadings filed by petitioner's former counsel and counsel for respondent in the Lassen County Superior Court. (Id., at 26-29, 65-72.) According to these pleadings, on February 17, 2005, petitioner was placed in administrative segregation ("ad seg") pending an investigation into his participation in a conspiracy to assault

1

1  staff. (Id., at 66.) On April 5, 2005, petitioner was found guilty of conspiracy to murder a peace
2  officer and assessed a 180-day credit loss. (Id., at 67.) Petitioner was also referred to the
3  classification committee for assessment of a SHU term based on this conviction. (Id.)
4        While still in ad seg, petitioner committed two more rules violations. (Id.)
5  Petitioner was later found guilty of these offenses and assessed a 90-day credit loss. (Id., at 67-
6  68.)
7        On May 5, 2005, petitioner appeared before the classification committee. (Id., at
8  67.) Petitioner was assessed a 48 month SHU term with a minimum eligible release date of
9  February 17, 2008, based on a start date of February 17, 2005, the date petitioner had first been
10 placed in ad seg. (Id.)
11       On September 15, 2005, petitioner appeared before the classification committee
12 again. (Id., at 68.) Based on his two new rules violation convictions, the committee indicated
13 that petitioner would forfeit 90 days of good conduct credit, thereby extending his SHU term
14 until May 17, 2008. (Id.)
15       In the instant action, petitioner argues that extending his SHU term based on the
16 two rules violation convictions violated prison regulations because the offenses were committed
17 while he was in ad seg. Petitioner argues that prison regulations authorize the extension of SHU
18 terms based on rules violations committed while the prisoner is actually in the SHU.
19       Respondent's answer does not address petitioner's claim alleging that the decision
20 to extend his SHU term violated his right to due process. Accordingly, respondent shall file a
21 supplemental answer addressing this claim. Respondent shall also address whether this claim is
22 moot because petitioner has served the SHU term.
23 ////
24 ////
25 ////
26 ////

2

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, respondent shall file a supplemental answer; and petitioner may file a supplemental reply within twenty-one days thereafter.

DATED: February 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

park1571.fb