IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES AUSTIN PARKS,

          Petitioner,          No. 2: 09-cv-1571 LKK KJN P

    vs.

JAMES WALKER,

          Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision to extend his term in the security housing unit ("SHU") based on two rules violation convictions.  (Dkt. 1, at 26.)  Petitioner also alleges that he was denied due process because one of the persons reviewing his second level administrative appeal regarding this matter participated in the decision to extend his SHU term.  (Id., at 27.)

        After carefully reviewing the record, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

////

////

1

II.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the  "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

1  (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its

2  independent review of the legal question, is left with a 'firm conviction' that the state court was

3  'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas

4  relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

5  decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

6  　　　　　The court looks to the last reasoned state court decision as the basis for the state

7  court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  If there is no reasoned

8  decision, "and the state court has denied relief, it may be presumed that the state court

9  adjudicated the claim on the merits in the absence of any indication or state-law procedural

10 principles to the contrary." Harrington, 131 S. Ct. at 784-85 (2011).  That presumption may be

11 overcome by a showing that "there is reason to think some other explanation for the state court's

12 decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

13 　　　　　Where the state court reaches a decision on the merits but provides no reasoning

14 to support its conclusion, the federal court conducts an independent review of the record.

15 "Independent review of the record is not de novo review of the constitutional issue, but rather,

16 the only method by which we can determine whether a silent state court decision is objectively

17 unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  Where no reasoned

18 decision is available, the habeas petitioner has the burden of "showing there was no reasonable

19 basis for the state court to deny relief. Harrington, 131 S. Ct. at 784.  "[A] habeas court must

20 determine what arguments or theories supported or, . . . could have supported, the state court's

21 decision; and then it must ask whether it is possible fairminded jurists could disagree that those

22 arguments or theories are inconsistent with the holding in a prior decision of this Court.  Id. at

23 786.

24 ////

25 ////

26 ////

III.  <u>Discussion</u>

      A.  <u>Background</u>

         In order to put petitioner's claims in context, the undersigned will set forth the background to petitioner's claims as described by his former counsel and counsel for respondent in pleadings filed in the Lassen County Superior Court.  (Dkt. 1, at 26-29, 65-72.)

         On February 17, 2005, petitioner was placed in administrative segregation ("ad seg") pending an investigation into his participation in a conspiracy to assault staff.  (<u>Id.</u>, at 66.)  On April 5, 2005, petitioner was found guilty of conspiracy to murder a peace officer and assessed a 180-day credit loss.  (<u>Id.</u>, at 67.)  Petitioner was also referred to the classification committee for assessment of a SHU term based on this conviction.  (<u>Id.</u>)

         While still in ad seg, petitioner committed two more rules violations.  (<u>Id.</u>)  Petitioner was later found guilty of these offenses and assessed a 90-day credit loss.  (<u>Id.</u>, at 67-68.)

         On May 5, 2005, petitioner appeared before the classification committee.  (<u>Id.</u>, at 67.)  Petitioner was assessed a 48 month SHU term with a minimum eligible release date of February 17, 2008, based on a start date of February 17, 2005, i.e. the date petitioner had first been placed in ad seg.  (<u>Id.</u>)

         On September 15, 2005, petitioner appeared before the classification committee again.  (<u>Id.</u>, at 68.)  Based on his two new rules violation convictions, the committee indicated that petitioner would forfeit 90 days of good conduct credit, thereby extending his SHU term until May 17, 2008.  (<u>Id.</u>)

      B.  <u>Analysis</u>

         In the instant action, petitioner argues that extending his SHU term based on the two rules violation convictions violated prison regulations because the offenses were committed while he was in ad seg.  Petitioner argues that prison regulations authorize the extension of SHU terms based on rules violations committed while the prisoner is actually in the SHU.  Petitioner

further argues that he was denied due process because one of the persons reviewing his second level administrative appeal regarding this matter participated in the decision to extend his SHU term.

In the original answer filed September 2, 2009, respondent construed the petition to be raising claims challenging the two prison disciplinary convictions on which the decision to extend his SHU term was based.  In particular, respondent construed the petition to be arguing that these prison disciplinary convictions were not supported by sufficient evidence.  On February 24, 2011, the undersigned clarified the claims raised in the petition and directed respondent to file a supplemental answer addressing these claims.  On April 8, 2011, respondent filed a supplemental answer.  (Dkt. No. 21.)

In the supplemental answer, respondent first argues that petitioner's claims challenging the extension of his SHU term are moot because petitioner has completed his SHU term.  Petitioner's release date from the SHU was May 17, 2008.  (Dkt. No. 21-2, at 99.)

Typically, federal courts have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

In addition, under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); Deakins v. Monaghan, 484 U.S. 193, 199 (1988).  For there to be a live case or controversy, at all times in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank, 494 U.S. 472, 477 (1990); see also North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

1          At the time petitioner filed this action on June 8, 2009, he was no longer serving

2    the at-issue SHU term.  Under these circumstances, petitioner did not meet the "in custody"

3    requirement for habeas jurisdiction.  Moreover, because petitioner has served his SHU term,

4    there is no relief to be granted.  This renders his petition moot.

5          In the supplemental answer, respondent goes on to argue that petitioner's claims

6    challenging the extension of his SHU term are barred by the statute of limitations.  Respondent

7    also argues that petitioner's claims allege violations of state law only.  Respondent further argues

8    that to the extent petitioner raises federal claims, they are without merit.  The undersigned need

9    not reach these arguments because it is clear that this court lacks jurisdiction for the reasons

10   discussed above.

11         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

12   a writ of habeas corpus be dismissed for lack of jurisdiction.

13         These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

15   one days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

18   objections, he shall also address whether a certificate of appealability should issue and, if so, why

19   and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

20   the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

21   § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

22   service of the objections.  The parties are advised that failure to file objections within the

23   ////

24   ////

25   ////

26   ////

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  May 3, 2011

4

5  _____
   KENDALL J. NEWMAN
6  UNITED STATES MAGISTRATE JUDGE

7  park1571.157

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26